UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00345-MOC

| | |
|---|---|
| **KEYUNNA BYRD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM OF DECISION |
| Vs. | ) and ORDER |
| | ) |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on April 29, 2009, alleging the onset of disability on December 28, 2007.

Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. The Appeals Council remanded such claim for further consideration on August 1, 2012.

1

A second hearing was conducted on November 27, 2013, before the same ALJ. On December 14, 2012, the ALJ issued a new decision that was also unfavorable. Plaintiff sought review by the Appeals Council, which denied review. Thus, the ALJ's second decision is the final decision of the Acting Commissioner of Social Security (hereinafter "Commissioner"). After review was denied, plaintiff timely filed this action seeking judicial review of the Commissioner's final decision. For the reasons that follow, the court will grant plaintiff's motion in part and remand this matter to the Commissioner for further proceedings not inconsistent with this court's instructions.

## II.     Factual Background

Except as noted *infra*, it appears that the ALJ's findings of fact are supported by substantial evidence, and the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

### IV. Substantial Evidence

#### A. Introduction

The court has reviewed the transcripts of plaintiff's administrative hearings, closely read the decisions of the ALJ and the Appeals Council, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence and consistent with applicable law. For the reasons that follow, the court finds that the ALJ failed to satisfy his obligation of fully developing the record when he discredited opinions of the state agency's own consultative examiners without first seeking clarification of those opinions.

#### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

> e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner ultimately determined plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

In his December 14, 2012, decision, the ALJ made a number of formal findings and concluded that plaintiff remained insured through at least December 31, 2012. He further determined that since the alleged onset of disability plaintiff had not performed substantial gainful activity. He further found that plaintiff has a high school education and that she is a younger individual who was 32 years old at the time of decision.

The ALJ also determined that plaintiff suffers from severe impairments of bipolar disorder and panic disorder/social phobia, asthma, mild degenerative disc disease, hypertension, diabetes mellitus, peripheral neuropathy, left hip bursitis, obesity, bilateral carpal tunnel syndrome, and history of headaches. Despite such impairments, he determined that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. After considering the medical evidence and testimony, the ALJ then determined that plaintiff had the residual functional capacity (hereinafter "RFC") to perform sedentary work,

> except that she is further limited to frequent but not constant use of the hands. The claimant should avoid concentrated exposure to dust and other pulmonary irritants, as well as hazards. The claimant is able to perform simple, routine, repetitive tasks in an environment with occasional interaction with others.

Administrative Record (hereinafter "AR") at 20. After making such RFC determination, the ALJ found that plaintiff did not have the RFC to perform her past relevant work.

At the fifth step of the sequential evaluation process, the ALJ employed a vocational expert ("VE") and provided such expert with a hypothetical question based on such RFC determination. The VE opined that there was one job existing in significant numbers in the national economy that plaintiff could perform. The ALJ thereinafter concluded that plaintiff was not disabled.

**D. Discussion**

**1. Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error:

1. The Administrative Law Judge inadequately assessed the psychiatric evaluations despite the Appeals Council's explicit remand order.

2. The Administrative Law Judge erred in giving more weight to the State Agency non-examining consultants than to the examining clinicians.

3. The Administrative Law Judge erred in not including all of the limitations warranted by his own assessment in his residual functional capacity assessment and in the corresponding hypothetical question to the vocational expert.

4. The Administrative Law Judge failed to comply with the Appeals Council's remand order to evaluate the vocational impact of the sit/stand option.

5. The Administrative Law Judge erred in finding that Ms. Byrd could use her hands frequently.

Finding that one aspect of the first assignment of error requires remand, the remaining assignments of error will not be addressed as the evidence which the ALJ did not develop may well be dispositive upon remand.

## 2. First Assignment of Error

In her first assignment of error, plaintiff contends that the Administrative Law Judge inadequately assessed the psychiatric evaluations of record despite the Appeals Council's explicit remand order.

### a. Appeals Council's Order of Remand

In considering the first part of plaintiff's first assignment of error, the court has looked to the Order of Remand from the Appeals Council.

In its Order of remand, the Appeals Council determined that the ALJ had in his first decision failed to provide an adequate evaluation of the July 2009 consultative examiners opinion, noting that the ALJ's evaluation seemed to be template language and not reflective of plaintiffs actual mental functioning at the time. AR at 134. The Appeals Council concluded that further consideration of the nature, severity, and limiting effects, if any, of plaintiff's mental impairments was needed. Id. at 135. The Appeals Council instructed the ALJ to (1) evaluate plaintiff's mental impairments in accordance with the special technique set out in 20 C.F.R. §§ 404.1520a and 416.920a, documenting the application of the special technique in the decision with specific findings and appropriate rationale for each of the functional areas set out in the regulations and (2) evaluate the non-treating and non-examining source opinions in accordance with 20 C.F.R. §§ 404.1527(f) and 416.927(f) and Social Security Rulings ("SSR") 96-5p and 96-6p, and explain the weight given to such opinion evidence. Id.

This court's review of the ALJ's second opinion reveals that he complied with the instructions of the Appeals Council. While it is fair to argue that the ALJ's compliance with the

Appeals Council resulted in conclusions with which plaintiff disagrees, there is no merit to the argument that the ALJ failed to follow the Appeals Council's instructions.

### b. Discrediting the Opinions of the State Agency's Own Examiners

The second part of plaintiff's first assignment of error questions whether the ALJ properly discredited the opinions of the state agency's own consultative examiners. In pertinent part, the state agency's consultative examiners determined that it was uncertain whether plaintiff could relate well with fellow workers or supervisors for extended periods *and* that plaintiff was incapable of tolerating the daily stress and pressure of work-related activities. AR at 609. While this court does not weigh the evidence, it is arguable that had the ALJ fully accepted such opinion, plaintiff would have been considered disabled.

In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held:

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge…."

Id. (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). The regulations provide that in considering such opinions, the ALJ should consider the frequency of the examination, the consistency and supportability of the opinion with the record, and other evidence, including medication use. 20 C.F.R. §§ 404.1527(c), 416.927(c).

Here, the ALJ explained in his decision why he gave the opinions of the consultative examiners little weight. He stated that the July 2009 consultative examinations were conducted only nine days after plaintiff had restarted her psychiatric medication, which the ALJ concluded

was not a sufficient period for her medication to be effective. AR at 25. The court finds that the ALJ complied with his obligation to explain why he discredited the opinions of the agency's own consultative examiners. The court fully agrees with the Commissioner that where consultative examiners render an opinion that a claimant lacks the mental capacity to function in a work environment -- aware that plaintiff is on a regimen of medications that target her mental health impairments -- but it is unclear whether the examiners also knew that she had only been on such medication for a short period, an ALJ may properly give such opinion little or no weight.

While plaintiff takes issue with the ALJ concluding that antidepressants take weeks to become effective, arguing in essence that the ALJ substituted his own medical judgment. Clearly, an ALJ may not arbitrarily substitute his or her own hunch or intuition for the diagnosis of a medical professional. Marbury v. Sullivan, 957 F.2d 837, 840–41 (11th Cir. 1992). However, the ALJ's determination that antidepressants take a number of weeks to be become effective is not a hunch; rather, it is an accurate statement of fact, well within the realm of knowledge of an adjudicator who routinely considers claims of disability based on mental illness and the impact that medications and other therapies have on such claimant's ability to work. See *Psychiatry and Clinical Neuroscience*, Charles F. Zorumski (Oxford Univ. Press 2011, at p. 208) ("Clinically, it is well known that antidepressants often take several weeks to work.").

### c. Duty to Develop the Record

As discussed above, the court has no concern with the ALJ discrediting the opinions of its own consultative examiner inasmuch as the ALJ fully satisfied his burden of explaining why he discredited those opinions. The concern this court has is, instead, with development of the record.

Once the ALJ determined that the consultative examiners' opinions were unreliable because they did not reflect whether the examiners were aware of the length of time claimant had been taking such mental health medications, the court finds that the ALJ had an affirmative obligation to seek clarification from the examiners. Indeed, there would have been no roadblock to seeking clarification inasmuch as the consultative examiners were employed by the state agency. See AR at 604.

Notes from plaintiff's treating mental health provider indicate that on July 14, 2009, plaintiff was started on *Lexapro*, *Abilify*, and *Klonopin*. Id. at 663. Nine days later, the state agency conducted the consultative mental health examination. While the consultative examiners were clearly aware that plaintiff was taking such medications, there is no evidence that plaintiff reported to the examiners that she had only begun such regimen nine days earlier. Further, the consultative examination report does not reflect that the examiners reviewed any records indicating that such course of treatment had only recently begun.

While the court agrees with the ALJ that the opinions were flawed, such does not necessarily mean that had the examiners been aware of the durational aspects of plaintiff's regimen of medications that they would have concluded that she would be capable of tolerating the daily stress and pressure of work-related activities. In pertinent part, 20 C.F.R. § 404.1512(e)(1) provides that "[w]e will seek additional evidence or clarification from your medical source when the report from your medical source ... does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." While such regulation applies to plaintiff's medical source, the court finds that such duty to develop the record would also apply to consultative examiners employed by the state agency. To fairly consider plaintiff's

claim, the ALJ had a duty to seek clarification of those consultative opinions under a broad reading of 20 C.F.R. § 404.1512(e)(1). While the ALJ's duty to develop the record is not heightened where, as here, the plaintiff is represented by counsel,[1] Sims v. Harris, 631 F.2d 26, 28 (4th Cir.1980), such a duty still exists (albeit to a lesser degree) when plaintiff is represented by counsel. Melton v. Colvin, 2013 WL 1833011, *8 (D.Md. April 30, 2013).

### d. Vacating and Remanding the Final Decision

This court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir.2013). Where the court finds that the ALJ's decision is not supported by substantial evidence or that the legal determinations are not free from error, it may affirm, modify, or reverse the ALJ's ruling "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If the reviewing court has concerns as to the basis for the ALJ's decision, then "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). In this case, while the ALJ properly identified the flaw in the consultative examiners' opinions, he should have sought clarification from such examiners inasmuch as such conclusions would have otherwise amounted to considerable evidence that would have been supportive of her claim as well as other favorable evidence plaintiff presented. Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987).

While the duty to develop the record was not briefed, the court finds in conducting its review that such duty to develop the record is implicit in plaintiff's first argument as it was plain

---

1  Plaintiff appeared *pro se* at the first hearing, but was represented by counsel at the second hearing.

error for the ALJ not to develop the record by seeking clarification from the consultative examiners. United States v. Olano, 507 U.S. 725, 732 (1993) (plain error occurs where (1) there was error, (2) the error was plain, and (3) the error affected substantial rights).

The court will, therefore, grant plaintiff's Motion for Summary Judgment on this aspect of the first assignment of error, deny the remainder of plaintiff's and the government's motions for summary judgment without prejudice, and vacate and remand this action to the Commissioner to further develop the record and conduct further proceedings not inconsistent with this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the plaintiff's Motion for Summary Judgment (#13) is **GRANTED** based on a failure to develop the record, and the remainder of plaintiff's Motion for Summary Judgment (#13) and the Commissioner's Motion for Summary Judgment (#15) are **DENIED** without prejudice;

(2) the decision of the Commissioner, denying the relief sought by plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner to further develop the record and conduct further proceedings, including a new hearing, not inconsistent with this Order, all pursuant to Sentence Four of 42 U.S.C. § 405(g); and

(3) this action is **DISMISSED**.

The Clerk of Court shall enter a Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure consistent with this Memorandum of Decision and Order.

Signed: January 3, 2014

*Max O. Cogburn Jr.*
United States District Judge